1  JOSEPH C. MURPHY, JR.
   United States Attorney
2  BETH C. BOSWELL
   Assistant United States Attorney
3  Chief, Criminal Division
   PATRICK NEAL OLDHAM
4  Assistant United States Attorney
   Western District of Tennessee
5       167 N. Main St.
        Suite 600
6       Memphis, TN 38103
        Telephone: (901)544-4231
7       Facsimile: (901)544-4230
        E-mail:   neal.oldham@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

```
FILED
CLERK, U.S. DISTRICT COURT

7/21/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ vav _____ DEPUTY
```

10              UNITED STATES DISTRICT COURT

11         FOR THE WESTERN DISTRICT OF TENNESSEE
                                2:22-cr-00324-FMO
12  UNITED STATES OF AMERICA,     No. 21-CR-20167-TLP

13            Plaintiff,        PLEA AGREEMENT FOR DEFENDANT
                                FONTRELL ANTONIO BAINES
14            v.

15  FONTRELL BAINES,
     aka "Fontrell Antonio Baines,"
16   aka "Nuke Bizzle,"

17            Defendant.

18
          1.   This constitutes the plea agreement between FONTRELL
19
   BAINES, also known as "Fontrell Antonio Baines" and "Nuke Bizzle"
20
   ("defendant") and the United States Attorney's Office for the Western
21
   District of Tennessee ("the USAO") in the above-captioned case.  All
22
   rights or powers of the USAO under this agreement may be exercised on
23
   behalf of the USAO by the United States Attorney's Office for the
24
   Central District of California. This agreement is limited to the USAO
25
   and cannot bind any other federal, state, local, or foreign
26
   prosecuting, enforcement, administrative, or regulatory authorities.
27

28

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two of the indictment in United States v. Fontrell Baines, CR No. 21-20167-TLP, which charges defendant with possession of oxycodone with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

     b.   Not contest facts agreed to in this agreement.

     c.   Abide by all agreements regarding sentencing contained in this agreement.

     d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

     e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

     f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

     g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

     a.   Not contest facts agreed to in this agreement.

     b.   Abide by all agreements regarding sentencing contained in this agreement.

1          c.   At the time of sentencing, move to dismiss the

2    remaining counts of the indictment as against defendant.   Defendant

3    agrees, however, that at the time of sentencing the Court may

4    consider any dismissed charges in determining the applicable

5    Sentencing Guidelines range, the propriety and extent of any

6    departure from that range, and the sentence to be imposed.

7          d.   At the time of sentencing, provided that defendant

8    demonstrates an acceptance of responsibility for the offense up to

9    and including the time of sentencing, recommend a two-level reduction

10   in the applicable Sentencing Guidelines offense level, pursuant to

11   USSG § 3E1.1, and recommend and, if necessary, move for an additional

12   one-level reduction if available under that section.

13         e.   Recommend that defendant be sentenced to a term of

14   imprisonment no higher than the low end of the applicable Sentencing

15   Guidelines range provided that the offense level used by the Court to

16   determine that range is 24 or 21 with acceptance of responsibility

17   credit or higher and provided that the Court does not depart downward

18   in offense level or criminal history category.   For purposes of this

19   agreement, the low end of the Sentencing Guidelines range is that

20   defined by the Sentencing Table in USSG Chapter 5, Part A, without

21   regard to reductions in the term of imprisonment that may be

22   permissible through the substitution of community confinement or home

23   detention as a result of the offense level falling within Zone B or

24   Zone C of the Sentencing Table.

25   NATURE OF THE OFFENSE

26     4.   Defendant understands that for defendant to be guilty of

27   the crime charged in count two of the indictment, that is, possession

28   of a controlled substance, namely, oxycodone, with the intent to

3

distribute, in violation of Title 21, United States Code, Section

841(a)(1), the following must be true:

First, defendant knowingly possessed oxycodone, which is

classified by Title 21, United States Code, Section 812 as a

Schedule II controlled substance. It does not matter whether

the defendant knew that the substance was oxycodone. It is

sufficient that the defendant knew that it was some kind of a

federally controlled substance.

Second, the defendant possessed it with the intent to distribute

it to another person. To "possess with intent to distribute"

means to possess with intent to deliver or transfer possession

of the oxycodone to another person, with or without any

financial interest in the transaction.

PENALTIES

5.   Defendant understands that the statutory maximum sentence

that the Court can impose for a violation of Title 21, United States

Code, Section 841(a)(1), (b)(1)(C) is: 20 years' imprisonment; a

lifetime period of supervised release; a fine of $1 million or twice

the gross gain or gross loss resulting from the offense, whichever is

greatest; and a mandatory special assessment of $100.

6.   Defendant understands that the mandatory minimum sentence

that the Court must impose for a violation of Title 21, United States

Code, Section 841(a)(1), (b)(1)(C) is: a three-year period of

supervised release and a mandatory special assessment of $100.

7.   Defendant understands that supervised release is a period

of time following imprisonment during which defendant will be subject

to various restrictions and requirements. Defendant understands that

if defendant violates one or more of the conditions of any supervised

4

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.  Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported

from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On January 31, 2020, defendant arrived at the upper drive of the Memphis International Airport in Memphis, Tennessee, in a gold car with dark tinted windows.  Video surveillance captured defendant getting out of the car and pulling a bag.  Defendant checked the bag (hereinafter, the "checked bag") for a flight on Southwest Airlines.

As part of their routine screening, TSA screeners examined the checked bag.  They found several large plastic bags containing marijuana, two one-pint bottles of promethazine with codeine oral solution, and cash.  The checked bag had a Southwest Airlines tag bearing defendant's name.

Defendant was contacted by law enforcement.  Although he had in his possession a baggage claim ticket the SKU of which matched the SKU of the checked bag, defendant denied ownership of the checked bag.

Defendant was detained and transported to a Memphis International Police Department substation.  Officers searched his backpack and found one pint of promethazine with codeine oral solution; a plastic prescription cannabis bag with marijuana inside; two cigarette rollers; and a prescription bottle with the name "Dwight Smith" containing 45 Acetaminophen and oxycodone hydrochloride pills, 6 whole and 6 half alprazolam pills, and 1 whole and 2 partial pieces of Amphetamine and Dextromaphetamine.

The oral solution weighed a total of 45 ounces.  The marijuana in the various bags weighed in total 7 pounds, 6.2 ounces.  Defendant stated that he owned a medical marijuana shop in California and explained that the writing on each bag indicated the flavor of the marijuana in each bag. Defendant again stated that the checked bag did not belong to him.

A further search of the checked bag was conducted and the following additional items were found:  5 plastic prescription cannabis bags with marijuana inside (approximately 1 ounce in each), and over 60 unused prescription cannabis bags.  Officers also searched defendant and found $7,000 in his pocket, $10,400 in the

1   sole of his right shoe, $10,200 in the sole of his left shoe and
2   $5,825 in his luggage.

### SENTENCING FACTORS

4       12.  Defendant understands that in determining defendant's
5   sentence the Court is required to calculate the applicable Sentencing
6   Guidelines range and to consider that range, possible departures
7   under the Sentencing Guidelines, and the other sentencing factors set
8   forth in 18 U.S.C. § 3553(a).  Defendant understands that the
9   Sentencing Guidelines are advisory only, that defendant cannot have
10  any expectation of receiving a sentence within the calculated
11  Sentencing Guidelines range, and that after considering the
12  Sentencing Guidelines and the other § 3553(a) factors, the Court will
13  be free to exercise its discretion to impose any sentence it finds
14  appropriate between the mandatory minimum and the maximum set by
15  statute for the crime of conviction.

16      13.  Defendant and the USAO agree to the following applicable
17  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 24 | USSG §2D1.1 |
| Acceptance of Responsibility: | -3 | USSG § 3E1.1(a and b |
| Total Offense Level: | 21 | |

The USAO will agree to a two-level downward adjustment for acceptance
of responsibility (and, if applicable, move for an additional one-
level downward adjustment under USSG § 3E1.1(b)) only if the
conditions set forth in paragraph 3(d) are met and if defendant has
not committed, and refrains from committing, acts constituting
obstruction of justice within the meaning of USSG § 3C1.1, as

discussed below.  Subject to paragraph 27 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of USSG § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under USSG § 3E1.1.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under USSG §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines effective on January 31, 2020, represent a reasonable basis for the Court to determine defendant's sentence in this case, and that defendant should be sentenced in accordance with the Sentencing Guidelines.  While the United States feels that a guideline sentence is appropriate in this matter, nothing in this agreement prohibits the defendant from ask for a below guideline variance.

## WAIVER OF CONSTITUTIONAL RIGHTS

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL ATTACK</u>

18.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the applicable guideline range or lower; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

20. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months (Total Offense Level 21 and Criminal History Category III), the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL, OR SET-ASIDE</u>

22. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.   If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the

extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to

maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       30.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE WESTERN DISTRICT OF
7    TENNESSEE

8    JOSEPH C. MURPHY, JR.
     United States Attorney

9

10
     _____          _____
11   PATRICK NEAL OLDHAM                       Date
     Assistant United States Attorney
12
     _____          _____
13   FONTRELL BAINES                           Date
     Defendant                                      7-5-2022
14
     _____          _____
15   ASHLEY S. MAHMOUDIAN                      Date
     DAVID WASSERMAN                                7-5.2022
16   Deputy Federal Public Defenders
     Attorneys for Defendant
17   FRONTRELL BAINES

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          7-5-2022
FONTRELL BAINES                    Date
Defendant

17

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am FONTRELL BAINES's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that might

6  be asserted either prior to or at trial, of the sentencing factors

7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  _____         7.5.2022
    ASHLEY C. MAHMOUDIAN                       _____
    DAVID WASSERMAN                            Date
18  Deputy Federal Public Defenders
    Attorneys for Defendant
19  FRONTRELL BAINES

20

21

22

23

24

25

26

27

28